Abraham Rosin, Defendant in Error, v. Sam Freed, Plaintiff in Error.

Gen. No. 16,283.

APPEALS AND ERRORS—*when erroneous exclusion of evidence will not reverse.* The sustaining of objections to proper questions will not reverse if the evidence sought to be adduced was fully brought out in response to other questions which were fully answered.

Error to the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed March 13, 1912.

P. F. MURRAY, for plaintiff in error.

BROWN & NAVIGATO, for defendant in error.

MR. JUSTICE DUNCAN delivered the opinion of the court.

Abraham Rosin, defendant in error, alleged in his statement of claim in the Municipal Court that Sam Freed agreed to pay him the sum of eighteen dollars per week to work for him as a jeweler for a time extending to and beyond May 1, 1909, and on December 26, 1908, wrongfully discharged him from said employment, and that thereafter until this suit was brought plaintiff remained out of employment. He claims $150 as damages therefor and $50 for extra time employed the week immediately preceding Christmas, 1908. The judgment in the court below in this, the second jury trial, was in favor of Rosin for $160, and Freed prosecutes this writ of error to review the record thereof.

The only errors complained of by the plaintiff in error are two rulings of the court in excluding certain evidence offered by him in the trial court.

Plaintiff in error, after being cross-examined by defendant in error under Section 33 of the Municipal Court Act, was asked by his own counsel to state why he discharged defendant in error from his employment. The same question was asked plaintiff in error by his counsel when examined in chief in his own behalf, but at each time the court ruled that the evidence was improper. What Freed would have stated, or what his counsel expected him to state, in answer to those questions, was not explained to the court. It does appear, however, very clearly from the evidence that the defense, and the only defense, offered by plaintiff in error as the ground for such discharge, was that Freed was missing goods from his store, and that Rosin, in his judgment, was the thief. He had Rosin arrested upon a state's warrant upon his own complaint, and the evidence bearing upon the charge of theft was fully gone into in this case, and the

jury was thereby fully and completely informed of the reason for the discharge. The jury would not have been any more informed of the reason for the discharge had Freed been allowed to so state in positive words, unless he should have given a different ground therefor than stealing, the only one upon which evidence was offered. Rosin was also asked in cross-examination what took place at the time he was discharged, and the court ruled it improper as cross-examination. This was error, because it was proper on the question of whether or not he was discharged at all. However, everything that took place, that is, all that was said and done by both parties at that time, was fully brought out in the other evidence, and there is no dispute as to what did take place at that time. Freed positively admitted that he discharged defendant in error, and sought to justify his act by proving that Rosin was stealing his goods. Plaintiff in error was not prejudiced by the rulings against him, and if it be conceded that both rulings of the court are erroneous, he was not prejudiced thereby, as the rulings were on evidence bearing upon facts that were well proved by the other evidence and not contested. It is not urged that the verdict is not supported by the evidence, and an examination of the evidence shows that the verdict is so supported.

Finding no reversible error in the record, the judgment is affirmed.

*Judgment affirmed.*